**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | | |
|---|---|---|
| **EMILY (LAPERCH) HADAWAY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:26-cv-00427** |
| | ) | |
| **KATOM RESTAURANT SUPPLY, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

**REPORT OF THE PARTIES' RULE 26(f) PLANNING MEETING**

---

Pursuant to Fed. R. Civ. P. 26(f) and the Court's Order [Dkt. 9], the following persons participated in the Parties' Discovery Planning Meeting held on November 6, 2026, by telephone: Mr. Justin S. Gilbert, counsel for Plaintiff, and Davis M. Capps, counsel for Defendant.

The following matters were discussed and agreed upon by the parties, subject to the approval of the Court:

**1. Rule 26(f)(3)(A): What changes should be made in the timing, form, or requirement for disclosure under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

The Parties do not propose any changes to the timing, form, or requirement for disclosures under Rule 26(a). The Parties shall serve their initial disclosures on or before November 20, 2026.

**2. Rule 26(f)(3)(B): The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

The parties anticipate that discovery shall be needed on the following subjects:

(a) The claims and alleged damages of Plaintiff as set forth in the Complaint or any amendments thereof;

(b) The defenses of the Defendant as set forth in the Answer or any amendments thereof;

(c) The identities of persons with discoverable knowledge concerning Plaintiff's claims and Defendant's defenses;

(d) The credibility of the parties and the witnesses;

(e) The records of Plaintiff relative to her claims against the Defendant; and

(f) The records of the Defendant relative to its asserted defenses and Plaintiff's claims.

At this time, the parties do not know whether discovery should be conducted in phases. Discovery will be conducted on all issues raised by, or inherent in, the Complaint and Answer and any subsequent pleadings. The parties anticipate at this time that discovery shall be completed by the deadline to be set forth in the Scheduling Order that will be entered in this case. Neither party at this time proposes any changes in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Rules of Court, nor any changes to the timing, form, or requirement for disclosures under Rule 26(a).

**3. Rule 26(f)(3)(C): Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

Neither party anticipates any issues regarding the disclosure or discovery of electronically stored information. Any electronically stored information which is subject to disclosure shall be produced either in printed format or in the electronic format in which it is regularly kept or can readily be converted without substantial cost or expense.

**4. Rule 26(f)(3)(D): Any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the court to include their agreement in an order.**

The parties do not anticipate any issues about claims of privilege or of protection as trial-preparation materials. The parties agree that if any privileged or protected trial-preparation materials are inadvertently disclosed during the discovery process, the disclosing party will not be deemed to have waived the applicable privilege or trial-preparation material protection. In the event that either party discloses privileged or protected trial preparation materials during the discovery process, the procedure outlined in Rule 26(b)(5)(B) shall apply. However, should such issues remain unresolved, the parties shall endeavor to reach an agreement regarding said issues and shall document said agreement in an agreed order to be submitted to the Court for approval. Should the parties be unable to reach an agreement, then court intervention shall be sought pursuant to any procedures set forth in the Scheduling Order.

**5. Rule 26(f)(3)(E): What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

Disclosure of any expert testimony in accordance with Rule 26(a)(2) shall be made by all parties on or before the deadlines to be established in the Court's Scheduling Order or as otherwise required by the Rules of Procedure. Otherwise, the limitations imposed on discovery by the Federal Rules of Civil Procedure, the Local Rules of the Court, and/or the Court's Scheduling Order shall govern this case.

**6. Rule 26(f)(3)(F): Any other order that the court should issue under Rule 26(c) or under Rule 16(b) or (c).**

Neither party proposes at this time that any orders be entered by the Court under Rule 26(c) or Rule 16(b). However, Defendant may request entry of a protective order for some of its business records which may include confidential business or personnel information. Similarly, Plaintiff may request entry of a protective order for disclosure of his medical, payroll, or tax information. The parties will attempt to reach agreement on the terms of any suitable protective orders, should one or more be needed, and will seek Court intervention only should they be unable to reach an agreement on same.

The Parties have discussed the possibility of settlement and submit that the likelihood of settlement of this action prior to trial is unknown at this time.

The time needed for trial is expected to be approximately three (3) days.

**RESPECTFULLY SUBMITTED** this 6th day of November, 2026.

By: */s/ Davis M. Capps*
Allison S. Jackson, Esq. (BPR No. 029230)
Davis M. Capps, Esq. (BPR No. 042478)
**EGERTON, McAFEE, ARMISTEAD & DAVIS, P.C.**
900 S. Gay Street, 14th Floor
Knoxville, TN 37902
Telephone: (865) 546-0500
Facsimile: (865) 525-5293
*AJackson@emlaw.com*
*DCapps@emlaw.com*
*Counsel for Defendant KaTom Restaurant Supply, Inc.*

By: /s/ Justin S. Gilbert
Justin S. Gilbert, Esq. (BPR No. 017079)
GILBERT LAW
100 W. Martin Luther King Blvd., Suite 501
Chattanooga, Tennessee 37402
Telephone: (423) 756-8203
Facsimile: (423) 756-2233
Email: justin@schoolandworklaw.com
**Attorney for Plaintiff Emily LaPerch**

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of November, 2026, a copy of the foregoing document has been filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

EGERTON, MCAFEE, ARMISTEAD & DAVIS, P.C.

By: s/ ***Davis M. Capps***
Davis M. Capps