UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| **EMILY (LAPERCH) HADAWAY,**<br><br>*Plaintiff*,<br><br>v.<br><br>**KATOM RESTAURANT SUPPLY, INC.,**<br><br>*Defendant*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No. 3:26-CV-00427** |

# ANSWER

**COMES NOW** the Defendant KaTom Restaurant Supply, Inc. ("KaTom"), by and through the undersigned counsel, and herein answers the Complaint filed against it. KaTom denies that it has any liability to Plaintiff Emily (LaPerch) Hadaway ("Plaintiff") or that Plaintiff is entitled to any of the relief sought in her Complaint. In response to the allegations contained within the separately numbered paragraphs of the Complaint, KaTom answers as follows:

## I. NATURE OF THE ACTION

1. In response to Paragraph 1 of the Complaint, KaTom admits that Plaintiff has alleged claims arising under Title I of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 et seq. ("ADA"), but denies that it has violated the ADA as alleged or in any other manner, or that Plaintiff is entitled to any relief. All other allegations of Paragraph 1 are denied.

2. KaTom denies the allegations of Paragraph 2 as stated. KaTom admits that Plaintiff was employed by KaTom as a Photo Editor from September 5, 2023, through June 30, 2025. KaTom admits that on June 27, 2025, three (3) days after Plaintiff received a final written warning for cell phone usage, Plaintiff's supervisor, Ms. Tiffany King, observed Plaintiff texting on her

phone and promptly informed Mr. Travis Clemmons of such conduct and recommended Plaintiff's termination. KaTom expressly denies Plaintiff's allegation that she was using any reasonable accommodation, including a fidget cube. KaTom expressly denies that it made its termination decision within four (4) minutes of the alleged observation without speaking to Plaintiff or verifying the truth through her phone records. Rather, KaTom admits that on June 30, 2025, Ms. Alexa Hansen and Ms. King conducted a termination meeting where they discussed Plaintiff's June 27, 2025 cell phone usage with her. KaTom admits offering Plaintiff the opportunity to produce her cell phone for inspection with the Human Resources Department. KaTom admits that Plaintiff was offered an opportunity to show that she was using a reasonable accommodation device, including a fidget cube, but Plaintiff declined to do so. KaTom expressly denies any implication that it escalated discipline only after Plaintiff engaged in protected activity. KaTom has a well-documented history of disciplining Plaintiff for cell phone usage prior to any reasonable accommodation request, including both verbal and written warnings. All other allegations of Paragraph 2 not expressly admitted are hereby denied.

## II. PARTIES, JURISDICTION, AND VENUE

3. KaTom is without sufficient information to form a belief as to the truth of the allegations in Paragraph 3 and, therefore, denies the same.

4. In response to Paragraph 4, KaTom admits that it is a Tennessee corporation and that its principal place of business is 305 KaTom Drive, Kodak, Tennessee 37764. KaTom admits that Plaintiff was employed by KaTom from September 5, 2023, until June 30, 2025. KaTom admits that, at all times relevant to the allegations set forth in the Complaint, it employed more than fifteen (15) employees. All other allegations of Paragraph 4 not expressly admitted are hereby denied.

5. KaTom admits that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 but denies that it has violated the ADA as alleged or in any other manner.

6. In response to Paragraph 6, KaTom admits that Plaintiff filed a charge with the U.S. Equal Employment Opportunity Commission ("EEOC") on or about September 11, 2025, bearing EEOC Charge No. 494-2025-05305. KaTom denies the allegations contained in that charge or that Plaintiff was discriminated against in any way during her employment with KaTom.

7. KaTom admits the allegations contained within Paragraph 7.

8. In response to Paragraph 8, KaTom admits that the EEOC issued Plaintiff a Determination and Notice of Right to Sue on June 10, 2026. KaTom admits that Plaintiff filed this action on September 8, 2026. All other allegations of Paragraph 8 not expressly admitted are hereby denied.

9. KaTom admits that venue is proper in this Court but denies that it has violated the ADA as alleged or in any other manner.

## III. FACTUAL ALLEGATIONS

10. KaTom admits the allegations in Paragraph 10.

11. KaTom admits the allegations in Paragraph 11.

12. KaTom is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 12 and, therefore, denies the same. KaTom admits that on June 25, 2025, Plaintiff met with Mr. Clemmons to request "appropriate support under the ADA" and to discuss "accommodations or communication strategies that could help avoid misunderstandings in the future." Plaintiff then emailed Mr. Clemmons a list of accommodations discussed and acknowledged that those accommodations "are already being provided for me by my supervisors." Mr. Clemmons also acknowledged that those requested accommodations were in place and,

further, that "any adjustments or additional supports" would be considered, if necessary. All other allegations of Paragraph 12 not expressly admitted are hereby denied.

13. KaTom admits the allegations in Paragraph 13, except for any insinuation or allegation that KaTom's knowledge of Plaintiff's ASD and need for, and use of, reasonable accommodations existed since the inception of her employment.

14. In response to Paragraph 14, KaTom admits that on June 17, 2025, Plaintiff made a report of a co-worker's behavior and how Plaintiff found the behavior distracting. All other allegations of Paragraph 14 not expressly admitted are hereby denied.

15. In response to Paragraph 15, KaTom admits that on or about June 19, 2025, Ms. Hansen issued a written warning to Plaintiff for violating KaTom's PCI Compliance Policy by failing to keep her computer locked at the end of her shift and for cell phone usage. All other allegations of Paragraph 15 not expressly admitted are hereby denied.

16. KaTom denies the allegations in Paragraph 16 as stated. In response to Paragraph 16, KaTom admits that on June 20, 2025, Ms. King held a meeting *reiterating* KaTom's PCI Compliance Policy and Internet Use Policy, which had been in effect since at least 2021, prior to Plaintiff's employment with KaTom. All other allegations of Paragraph 16 not expressly admitted are hereby denied.

17. KaTom denies the allegations in Paragraph 17 as stated. In response to Paragraph 17, KaTom admits that on June 24, 2025, Ms. Hansen and Ms. King gave Plaintiff a final written warning for conduct violative of KaTom's Internet Use Policy. KaTom admits that on or about June 26, 2025, Plaintiff requested the enumerated accommodations. All other allegations of Paragraph 17 not expressly admitted are hereby denied.

18. KaTom admits that on June 26, 2025, Mr. Clemmons recognized these accommodations, all of which were already being implemented by Plaintiff's supervisors. All other allegations of Paragraph 18 not expressly admitted are hereby denied.

19. KaTom admits that on June 27, 2025, Ms. King, at approximately 3:39 p.m., found Plaintiff on her phone with her hands under her desk texting. Ms. King saw the phone in her hands. All other allegations of Paragraph 19 not expressly admitted are hereby denied.

20. KaTom admits that on June 27, 2025, Plaintiff was reported to KaTom's Human Resources for using her cell phone in violation of the PCI Compliance Policy. All other allegations of Paragraph 20 not expressly admitted are hereby denied.

21. The Paragraphs of Plaintiff's Complaint restart at number "10", instead of continuing as Paragraph 21. KaTom will respond with appropriate sequential numbering to avoid further confusion. For purposes of the Answer, Plaintiff's Second Paragraph 10 will be Paragraph 21, and so on.

Plaintiff's Second Paragraph 10. KaTom denies the allegations of Paragraph 21 as stated. During the June 30, 2025, meeting, Ms. King offered Plaintiff the opportunity to produce her cell phone to Human Resources to clarify any assertion that Plaintiff was utilizing a fidget cube. Ms. King knew Plaintiff did not have a fidget cube which looked like a cell phone and knew Plaintiff would not have hidden the use of a fidget cube. Ms. King offered Plaintiff the opportunity to show to Human Resources, by any means, that she was not using her cell phone or that she possessed and was using a fidget cube which looked like a cell phone. All other allegations of Paragraph 21 not expressly admitted are hereby denied.

22. Plaintiff's Second Paragraph 11. KaTom denies the allegations of Paragraph 22 as stated. KaTom admits that, on June 30, 2025, Ms. King and Ms. Hansen sat down with Plaintiff

to discuss the events of Friday, June 27, 2025. Plaintiff initially denied any recollection of being on her cell phone. Plaintiff refused to provide her cell phone to Human Resources. Plaintiff then said maybe she was on her phone but did not recall. Plaintiff eventually suggested it may have been a fidget cube, and Ms. King responded, stating she had seen all of Plaintiff's fidget devices, and Plaintiff did not possess a fidget that was the color and size of a phone, a black rectangle. All other allegations in Paragraph 22 not expressly admitted are hereby denied.

23. Plaintiff's Second Paragraph 12. KaTom admits to terminating Plaintiff's employment on June 30, 2025. KaTom expressly denies that it violated the ADA as alleged or in any other manner. All other allegations of Paragraph 23 not expressly admitted are hereby denied.

24. Plaintiff's Second Paragraph 13. Paragraph 24 contains only legal conclusions to which no response is required. To the extent a response is required, KaTom denies all allegations of Paragraph 24 and demands strict proof. KaTom further denies that Plaintiff is entitled to any relief.

## IV. CAUSES OF ACTION

25. Plaintiff's Second Paragraph 14. In response to Paragraph 25, KaTom incorporates by reference each of the preceding paragraphs of this Answer as if fully set forth herein.

### COUNT I
### Disability Discrimination in Violation of the ADA
### 42 U.S.C. § 12112

26. Plaintiff's Second Paragraph 15. Paragraph 26 contains only legal conclusions to which no response is required. To the extent a response is required, KaTom denies all allegations of Paragraph 26 and demands strict proof.

27. Plaintiff's Second Paragraph 16. Paragraph 27 contains only legal conclusions to which no response is required. To the extent a response is required, KaTom denies all allegations of Paragraph 27 and demands strict proof.

28. Plaintiff's Second Paragraph 17. Paragraph 28 contains only legal conclusions to which no response is required. To the extent a response is required, KaTom denies all allegations of Paragraph 28 and demands strict proof.

29. Plaintiff's Second Paragraph 18. Paragraph 29 contains only legal conclusions to which no response is required. To the extent a response is required, KaTom denies all allegations of Paragraph 29 and demands strict proof.

30. Plaintiff's Second Paragraph 19. Paragraph 30 contains only legal conclusions to which no response is required. To the extent a response is required, KaTom denies all allegations of Paragraph 30 and demands strict proof.

31. Plaintiff's Second Paragraph 20. Paragraph 31 contains only legal conclusions to which no response is required. To the extent a response is required, KaTom denies all allegations of Paragraph 31 and demands strict proof.

**COUNT II**
**Retaliation in Violation of the ADA**
**42 U.S.C. § 12203**

32. Plaintiff's Paragraph 21. In response to Paragraph 32, KaTom incorporates by reference each of the preceding paragraphs of this Answer as if fully set forth herein.

33. Plaintiff's Paragraph 22. Paragraph 33 contains only legal conclusions to which no response is required. To the extent a response is required, KaTom denies all remaining allegations of Paragraph 33 and demands strict proof.

34. Plaintiff's Paragraph 23. KaTom admits that on June 26, 2025, Plaintiff sent a list of requested accommodations to Mr. Clemmons. The remaining allegations of Paragraph 34 are legal conclusions to which no response is required. To the extent a response is required, KaTom denies all remaining allegations of Paragraph 34 and demands strict proof.

35. Plaintiff's Paragraph 24. Paragraph 35 contains only legal conclusions to which no response is required. To the extent a response is required, KaTom denies all allegations of Paragraph 35 and demands strict proof.

36. Plaintiff's Paragraph 25. Paragraph 36 contains only legal conclusions to which no response is required. To the extent a response is required, KaTom denies all allegations of Paragraph 36 and demands strict proof.

37. All other allegations of the Complaint not previously admitted, denied, or otherwise answered, are hereby denied.

38. In response to paragraphs (a) through (h) in Plaintiff's prayer for relief, KaTom denies any liability, denies that Plaintiff is entitled to any relief, and specifically denies that Plaintiff is entitled to any of the remedies set forth in paragraphs (a) through (h) following the prayer for relief.

NOW THEREFORE, having fully answered the Complaint, KaTom states its affirmative defenses as follows.

**AFFIRMATIVE DEFENSE NO. 1**

Plaintiff's Complaint should be dismissed, in whole or in part, because at all times, KaTom's treatment of Plaintiff was based solely upon legitimate, non-discriminatory reasons.

**AFFIRMATIVE DEFENSE NO. 2**

Plaintiff cannot recover any damages because any damages which she claims to have sustained arise solely from her own actions.

**AFFIRMATIVE DEFENSE NO. 3**

If Plaintiff has sustained any damages, which KaTom denies, she may have failed to mitigate her damages, and if so, Plaintiff may be barred, in whole or in part, from recovering damages to the extent she failed to mitigate her damages.

**AFFIRMATIVE DEFENSE NO. 4**

Plaintiff's claims are barred, in whole or in part, because there is no causal connection between any disability of Plaintiff, her requests for accommodation, or any other alleged protected activity, and the termination of her employment.

**AFFIRMATIVE DEFENSE NO. 5**

Plaintiff's claims are barred, in whole or in part, because KaTom's actions were not malicious, egregious, in bad faith, or in willful or reckless disregard of any legal rights of Plaintiff.

**AFFIRMATIVE DEFENSE NO. 6**

If Plaintiff is awarded any damages, and KaTom denies that she is entitled to any damages, they are limited to the amounts stated in 42 U.S.C. § 1981a(b)(3).

**AFFIRMATIVE DEFENSE NO. 7**

Plaintiff's claims may be barred, in whole or in part, because Plaintiff failed to exhaust her administrative remedies within the requisite period of time, which remedies are a condition precedent to this action.

## AFFIRMATIVE DEFENSE NO. 8

Plaintiff's claims are barred because, at all times relevant to the Complaint, KaTom maintained, disseminated, and enforced a clear policy against discrimination and harassment, including disability discrimination, which established a reasonable and effective means for Plaintiff to report and seek relief from any conduct which Plaintiff believed to be discriminatory or harassing and because Plaintiff unreasonably failed to take advantage of such preventative or corrective opportunities to otherwise avoid harm.

## AFFIRMATIVE DEFENSE NO. 9

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to give KaTom notice of the alleged conduct of which she complains and failed to give KaTom a reasonable opportunity to correct/remedy the alleged harm.

## AFFIRMATIVE DEFENSE NO. 10

Plaintiff's claims are barred, in whole or in part, because KaTom took prompt and appropriate corrective/remedial action on any of Plaintiff's complaints/requests of which it had knowledge.

## RESERVATION OF RIGHT TO AMEND

KaTom reserves the right to amend its Answer and to assert any additional affirmative defenses or other defenses at a later date which may be discovered or learned in the course of this litigation.

NOW THEREFORE, having fully answered Plaintiff's Complaint and stated its affirmative defenses, KaTom prays for judgment as follows:

1. That all of Plaintiff's claims be dismissed in their entirety or, in the alternative, that KaTom be awarded judgment in its favor on all of Plaintiff's claims or causes of action;

2. That this Court award KaTom its attorneys' fees, costs, and expenses in defending this action;

3. That the Court tax all costs against Plaintiff; and

4. That the Court award KaTom such further relief as this Court deems appropriate.

**RESPECTFULLY SUBMITTED** this the 9th day of November, 2026.

/s/ Allison S. Jackson
Allison S. Jackson (BPR #029230)
Davis M. Capps (BPR #042478)
EGERTON, MCAFEE, ARMISTEAD
& DAVIS, P.C.
900 S. Gay Street, 14th Floor
Knoxville, TN 37902
Phone: 865-546-0500
Fax: 865-525-5293
Email: ajackson@emlaw.com
dcapps@emlaw.com
*Attorneys for KaTom Restaurant Supply, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of November, 2026, a copy of the foregoing document has been filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

EGERTON, MCAFEE, ARMISTEAD & DAVIS, P.C.

By: /s/ Allison S. Jackson